## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA BARRICK,** | : | **CIVIL ACTION NO. 1:22-CV-1432** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PERRY COUNTY PRISON, WARDEN** | : | |
| **KAREN BARCLAY, LIEUTENANT** | : | |
| **DOUGLAS TWIGG, SERGEANT** | : | |
| **GREG KLINE, SERGEANT JASON** | : | |
| **KLUNK, CORRECTIONAL OFFICER** | : | |
| **FRY, CORRECTIONAL OFFICER** | : | |
| **DICKEN, CORRECTIONAL OFFICER** | : | |
| **MCMULLAN,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Plaintiff Joshua Barrick ("Barrick"), an inmate who was housed at all relevant times at the Perry County Prison, in New Bloomfield, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983 setting forth several causes of action against the defendants. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 26). Named as defendants are the Perry County Prison, Warden Karen Barclay, Lieutenant Douglas Twigg, Sergeant Greg Kline, Sergeant Jason Klunk, Correctional Officer Fry, Correctional Officer Dicken, and Correctional Officer McMullan. Before the court is a Rule 12(b) motion (Doc. 29) to dismiss by defendants Perry County Prison, Barclay, Twigg, Kline, Klunk, and Fry. For the reasons set forth below, the court will grant the motion.

I.     **Factual Background & Procedural History**

On July 11, 2022, Barrick was committed to the Perry County Prison based on criminal charges filed against him.  (Doc. 26 ¶ 11).  Barrick alleges that, on August 1, 2022, his paramour contacted a bail bondsman to post his bail.  (Id. ¶ 13).  However, the bondsman did not post Barrick's bail because he was informed that new criminal charges were filed against Barrick and he "wanted to wait til[l] after plaintiff's preliminary hearing the following day on August 2, 2022."  (Id. ¶¶ 15, 29).  Barrick then asked defendant Fry and other correctional officers for permission to place a bail call.  (Id. ¶¶ 19-21).  When Barrick was being escorted to the intake area to make his bail call, there were two state troopers waiting for Barrick.  (Id. ¶¶ 22-24).  The troopers transported Barrick to the state police barracks to book him on new criminal charges.  (Id. ¶ 24).

Barrick asserts that there were no new criminal charges filed against him when prison officials allegedly informed the bondsman of the new criminal charges on August 1, 2022.  (Id. ¶¶ 16, 25, 40).  He alleges that he was "illegally detained" for 2½ to 3 hours when prison officials alerted the bondsman of the new criminal charges.  (Id. ¶ 25).  Barrick alleges that either defendant Barclay or defendant Kline reported the existence of new criminal charges to the bondsman.  (Id. ¶¶ 42-43, 46).  He further alleges that "a person cannot knowingly lie" to a bail bondsman regarding the existence of new criminal charges to interfere with the posting of bail.  (Id. ¶ 26).

Barrick sets forth the following claims: interference with the right to bail, violation of the right to equal protection under the Fourteenth Amendment, First Amendment retaliation, failure to train, abuse of process, illegal seizure, false arrest, false imprisonment, conspiracy, <u>Monell</u>[1] liability, negligence, emotional distress, trespass upon the case, and loss of consortium.  (<u>Id.</u> ¶¶ 63-76).

Defendants move to dismiss all claims pursuant to Rule 12(b)(6).  The motion is fully briefed and ripe for resolution.[2]

## II.   <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

---

[1] <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).

[2] Barrick's brief in opposition to defendants' motion to dismiss contains facts that are not expressly set forth in the amended complaint.  (<u>See</u> Doc. 35).  The court may not consider such allegations because a complaint cannot be amended by way of an opposition brief.  <u>See</u> <u>Pennsylvania</u> <u>ex rel.</u> <u>Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Barrick only contests the dismissal of his bail interference claim.  (<u>See</u> Doc. 35).  He does not contest the motion to dismiss his remaining claims.  (<u>See</u> <u>id.</u>)  A brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim.  <u>See</u> <u>Dreibelbis v. Scholton</u>, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); <u>D'Angio v. Borough of Nescopeck</u>, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss).  Accordingly, other than the bail interference claim, Barrick's claims are deemed abandoned and will be dismissed.

court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550

4

U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.   **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Initially, we note that the Perry County Prison is not a "person" subject to liability under § 1983. It is well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d

Cir. 1973).  Therefore, the Perry County will be dismissed as a defendant in this action.

### Eighth Amendment Claim *(Bail Interference)*

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  The Eighth Amendment protects not only against setting excessive bail but also, by necessary implication, protects against the denial of bail.  Sistrunk v. Lyons, 646 F.2d 64, 70 n.23 (3d Cir. 1981).  The Eighth Amendment, however, does not create an absolute right to be free on bail.  Id. at 68; see also United States v. Salerno, 481 U.S. 739, 752 (1987) (the Eighth Amendment "says nothing about whether bail shall be available at all").

Barrick's bail claim fails.  He does not allege that the bail was excessive or that defendants were involved in the decision setting the amount of bail.  Instead, Barrick alleges that defendants Barclay and Kline acted to prevent him from obtaining bail by informing the bondsman that new criminal charges had been filed against him.  However, he does not sufficiently state that any harm was suffered from this alleged constitutional deprivation because the new criminal charges were in fact filed.  The state court docket reflects that Barrick was originally incarcerated at the Perry County Prison on criminal charges filed on July 11, 2022.  (See Doc. 29-

1, state court docket, MJ-41304-CR-138-2002).[3]  While Barrick was incarcerated on these charges, new criminal charges were filed against him on July 29, 2022, and he was arraigned on the new charges on August 1, 2022.  (See Doc. 29-2, state court docket, MJ-41304-CR-185-2002; see also Doc. 26-2 at 3).  Thus, when the prison officials purportedly informed the bail bondsman on August 1, 2022, that new charges had been filed against Barrick, they indeed had already been filed three days prior.  Based on the allegations of the amended complaint, and the indisputably authentic documents before the court, we cannot agree with Barrick's allegation that prison officials "lied" to the bondsman about new criminal charges filed against him.  The motion to dismiss this claim will be granted.

### *Qualified Immunity*

Assuming *arguendo* that plaintiff's bail interference claims were to survive, we would nonetheless conclude that defendants are entitled to qualified immunity.  The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  "Qualified

---

[3]  We note that the court may consider an exhibit to a defendant's motion to dismiss if the plaintiff's claims are based on that document and if that document is indisputably authentic.  Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  Although Barrick's state court criminal docket is outside of the pleadings, it is a matter of public record and, his claims are, in part, based on these indisputably authentic documents.  Moreover, we may take judicial notice of state court dockets at the motion to dismiss stage.  In re Congoleum Corp., 426 F.3d 675, 679 (3d Cir. 2005).

immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Id.  It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).  "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability."  Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012) (citing Pearson, 555 U.S. at 244).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that right was "clearly established."  Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two Saucier prongs should be addressed first).  Defendants argue that even if the court were to conclude that they violated Barrick's Eighth Amendment rights, they are entitled to dismissal on the second Saucier prong.  (Doc. 30 at 14).  Upon review of the scant Supreme Court cases and non-persuasive cases unearthed during our research, we conclude that there is no clearly established law holding that a prison official violates an inmate's Eighth Amendment rights when the official informs a bail bondsman about the existence of new criminal charges against the inmate.  Accordingly, we find that a reasonable prison official would not know that his conduct, in informing a bail bondsman as to criminal charges against an inmate, was unlawful.  Hence, even if the amended

8

complaint states a *prima facie* case of bail interference, defendants are entitled to qualified immunity on this Eighth Amendment claim.

## IV.   Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Here, the allegations against the defendants are both factually and legally flawed.  The court finds that further amendment would be futile because we have already granted Barrick leave to amend and he has failed to remedy the deficiencies in his claims.  See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

**V.**   **Conclusion**

We will grant the motion (Doc. 29) to dismiss by defendants Perry County

Prison, Barclay, Twigg, Kline, Klunk, Fry, and Dicken.  An appropriate order shall

issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        July 19, 2023